mwe.com

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

September 21, 2023

**VIA E-FILING**

Hon. John G. Koeltl, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Jeffery Albaneze et al., v. BDO USA, P.C., et al.*
      Civil Action No. 1:23-cv-07197

Dear Judge Koeltl:

      We represent Defendants BDO USA, P.C. ("BDO") and Mark D. Biegel ("Biegel") (collectively, "Defendants") in the above-captioned matter. We write pursuant to Your Honor's Individual Rule II.D. to request a pre-motion conference with respect to a motion to dismiss part of Jeffery T. Albaneze ("Albaneze"), Matthew B. Cochran ("Cochran"), and Kaitlyn P. Weatherly ("Weatherly") (collectively, "Plaintiffs") First Amended Complaint.

      Specifically, Defendants seek to dismiss Plaintiffs' retaliation cause of action. Plaintiffs' claims arise out of their employment with BDO Wealth Advisors, LLC, a subsidiary of BDO. Beginning in May 2023, BDO sought to sell its wealth advisory subsidiary to private equity firm Choreo, LLC ("Choreo"). As part of the proposed sale, BDO and Biegel arranged for Plaintiffs to receive offers of employment from Choreo. Plaintiffs, unhappy with the terms of their Choreo offers, declined to sign. As relevant to the retaliation claim, in June 2023, Weatherly complained to BDO's People & Culture Department ("P&C") that "[d]uring multiple discussions this week around signing the Choreo contract, I've been harassed, threatened and told my not signing would eliminate jobs in my local office." First Am. Compl. at ¶ 77. At no point did Weatherly state to BDO that she believed this alleged harassment was due to her gender, nor does she even allege that she did. Yet, she now claims that Defendants retaliated against her in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") by allegedly reassigning some of her clients and publicizing her complaint within BDO. First Am. Compl. at ¶ 139. As outlined below and in Defendants' forthcoming motion to dismiss, Weatherly's clams are insufficient as a matter of law.



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Hon. John G. Koeltl, U.S.D.J.
September 21, 2023
Page 2

    To state a claim for retaliation under NYSHRL and NYCHRL, a plaintiff must plausibly allege that they: (1) engaged in a statutorily protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the plaintiff; and (4) the existence of a causal connection between the protected activity and the adverse action. *See, e.g., Romano v. A360 Media, LLC*, No. 120CV08988LTSOTW, 2023 WL 348459, at *10 (S.D.N.Y. Jan. 20, 2023) (citation omitted). Plaintiffs' First Amended Complaint fails to state this claim. Here, Weatherly failed to engage in protected conduct because her complaint to P&C did not allege discriminatory activity based on her gender. Because Weatherly's complaint to P&C did not contain critical information to put them on notice of any alleged gender-based discrimination, Defendants were not aware that Weatherly engaged in protected activity (because she did not, in fact, engage in protected activity). Thus, Plaintiffs have failed to adequately plead the required elements for a retaliation claim.

    "Courts in the Second Circuit have consistently held that, when an employee engages in an activity that might otherwise qualify as protected—such as making an HR complaint or filing a lawsuit—the activity is not protected when the communication *makes no mention of discrimination*." *Romano*, 2023 WL 348459, at *11 (dismissing retaliation claim where plaintiff's HR complaint only alleged that manager was "abusive and toxic" without alleging such treatment was discriminatory); *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 520-22 (S.D.N.Y. 2010) (dismissing retaliation claim where plaintiff complained of supervisor's "bullying" and "creating an unprofessional environment" due to supervisor's preferential treatment of significant other because plaintiff failed to assert that the supervisor's behavior was due to discrimination); *see also Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, No. 21-CV-11237 (CS), 2023 WL 1109702, at *15 (S.D.N.Y. Jan. 30, 2023) (collecting cases where allegations that a plaintiff's supervisor was abusive or mean, absent claims that the conduct was due to a protected class, were insufficient to state a claim for a hostile work environment).

    Here, Weatherly's email complaint to P&C does not reference gender discrimination or any facts whatsoever that would imply gender discrimination. First Am. Compl. ¶ 77. Rather, Weatherly's email complaint to P&C specifically ties the "harassment" and "threat[s]" to Weatherly's refusal to sign the Choreo agreement. *Id.* Further, Weatherly fails to allege that she raised gender discrimination or harassment in her subsequent meeting with P&C. *Id.* at ¶ 83. Instead, Weatherly again tied the alleged harassment to the Choreo sale. *Id.* (stating that Weatherly "had been placed in an uncomfortable position during an already stressful time"). Accordingly, the email complaint and subsequent meeting with P&C do not constitute protected activity and are insufficient to put Defendants on notice that Plaintiff was complaining of discrimination. *Johnson v. City Univ. of New York*, 48 F. Supp. 3d 572, 577 (S.D.N.Y. 2014) ("what CUNY knew—that Johnson's Chair was bullying and being rude to him—would not put it on notice that Johnson intended to complain about activity prohibited by Title VII."). This alone is grounds for dismissal.

    Further, Plaintiffs' First Amended Complaint also details how Weatherly and her two *male* coworkers, Albaneze and Cochran, were all subject to the same alleged "harassment." *See generally* First



Hon. John G. Koeltl, U.S.D.J.
September 21, 2023
Page 3

Am. Compl. (alleging that all three plaintiffs suffered harassment and threats relating to their refusal to sign the Choreo agreements). Though Weatherly provides a conclusory allegation that Defendants "harass[ed] her more than her male counterparts," the well-pleaded facts of the First Amended Complaint establish no such thing. *Id.* at ¶ 134. Weatherly does not allege in the First Amended Complaint that she told anyone at BDO that she believed that she was "harass[ed] more than her male counterparts." To the contrary, the First Amended Complaint alleges that Defendants treated all three Plaintiffs equally poorly throughout the Choreo deal. *Id.* at ¶¶ 56–57 (allegedly threatening to sue all three Plaintiffs for refusing to sign the Choreo agreements); ¶¶ 63, 68 (allegedly threatening to "destroy" both Cochran and Weatherly and their families); ¶¶ 71–73 (allegedly calling and threatening Albaneze with litigation). There is no reasonable basis for Weatherly—or Defendants—to believe that Weatherly was complaining of gender-based harassment when she reported this alleged treatment to P&C.

Weatherly fails to allege that she made a protected complaint to BDO, or otherwise put BDO on notice that she believed her alleged treatment by Defendants was unique to her and her gender. Rather, all the alleged harassment was due to the Plaintiffs' refusal to sign the Choreo employment agreements. Accordingly, Defendants respectfully submit that there is a strong basis for dismissing Plaintiff's retaliation claim and request that the Court convene a pre-motion conference at which such a motion may be discussed.

Sincerely,

*/s/ Lindsay F. Ditlow*
Lindsay F. Ditlow

cc:     All counsel of record (via ECF)

