**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFERY T. ALBANEZE, MATTHEW B. COCHRAN AND KAITLYN P. WEATHERLY,

      Plaintiffs,

- against -

MARK D. BIEGEL AND BDO USA, P.C.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:23-CV-07197-JGK

**BDO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Dated: November 7, 2023

**McDERMOTT WILL & EMERY LLP**

Lindsay F. Ditlow
One Vanderbilt Avenue
New York, New York 10017-3852
+1 212 547 5400
lditlow@mwe.com

Michael Sheehan (*pro hac vice*)
Brian Mead (*pro hac vice*)
444 West Lake Street
Chicago, Illinois 60606-0029
+1 312 372 2000
msheehan@mwe.com
bmead@mwe.com

*Attorneys for Defendant BDO USA, P.C.*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................ 1

II. BACKGROUND .............................................................................................................. 2

III. ANALYSIS ....................................................................................................................... 3

    A. Legal Standard ..................................................................................................... 3

    B. Weatherly Has No Standing to Bring NYSHRL or NYCHRL Claims. .................. 4

    C. Weatherly's Second Cause of Action for Retaliation Also Fails to State a Claim. ...................................................................................................................... 5

    D. Plaintiffs' Third Cause of Action for Retaliation Fails to State Grounds for Relief. ...................................................................................................................... 7

    E. Plaintiffs' Fourth Cause of Action for Defamation Is Not Pled With Specificity and Lacks Merit. ................................................................................... 8

IV. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................3

*Atuahene v. City of Hartford*,
    10 Fed. App'x. 33 (2d Cir. 2001)................................................................................7

*CSI Grp., LLP v. Harper*,
    153 A.D.3d 1314 (N.Y. App. Div. 2017) ..............................................................9, 10

*Fitzgerald v. Henderson*,
    251 F.3d 345 (2d Cir. 2001)........................................................................................8

*Hoffman v. Parade Publications*,
    933 N.E.2d 744 (N.Y. 2010).......................................................................................4

*Johnson v. City Univ. of New York*,
    48 F. Supp. 3d 572 (S.D.N.Y. 2014)...........................................................................6

*Krasner v. HSH Nordbank AG*,
    680 F. Supp. 2d 502 (S.D.N.Y. 2010).........................................................................5

*Langella v. Mahopac Cent. Sch. Dist.*,
    No. 18-CV-10023 (NSR), 2022 WL 44776 (S.D.N.Y. Jan. 5, 2022).........................9

*Lynch v. City of New York*,
    952 F.3d 67 (2d Cir. 2020).........................................................................................3

*Matthews v. Malkus*,
    377 F. Supp. 2d 350 (S.D.N.Y. 2005).........................................................................8

*Paupaw-Myrie v. Mount Vernon City Sch. Dist.*,
    No. 21-CV-11237 (CS), 2023 WL 1109702 (S.D.N.Y. Jan. 30, 2023)......................5

*Romanello v. Intesa Sanpaolo S.p.A.*,
    97 A.D.3d 449 (N.Y. App. Div. 2012), *aff'd as modified*, 998 N.E.2d 1050
    (N.Y. 2013) ................................................................................................................9

*Romano v. A360 Media, LLC*,
    No. 120CV08988LTSOTW, 2023 WL 348459 (S.D.N.Y. Jan. 20, 2023)..................5

*Simmons v. Abruzzo*,
    49 F.3d 83 (2d Cir. 1995)............................................................................................8

*Syeed v. Bloomberg L.P.*,
    568 F. Supp. 3d 314 (S.D.N.Y. 2021) ........................................................................... 4

*Tsatskin v. Kordonsky*,
    189 A.D. 3d 1296 (N.Y. App. Div. 2020) ..................................................................... 9

*Vangas v. Montefiore Med. Ctr.*,
    823 F.3d 174 (2d Cir. 2016) ....................................................................................... 4, 8

*Wolf v. Imus*,
    170 A.D.3d 563 (N.Y. App. Div. 2019) ..................................................................... 4, 8

**Statutes**

42 U.S.C. § 2000e-5(e)(1) ......................................................................................................... 8

42 U.S.C. § 2000e-5(f)(1) .......................................................................................................... 8

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ................................................................................................................ 7

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1, 3

N.Y. C.P.L.R 3016(a) ................................................................................................................. 9

Defendant BDO USA, P.C. ("BDO"), by and through its attorneys, McDermott Will & Emery LLP, respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Second, Third, and Fourth Causes of Action in Jefferey T. Albaneze's ("Albaneze"), Matthew B. Cochran's ("Cochran"), and Kaitlyn P. Weatherly's ("Weatherly") (collectively, "Plaintiffs") Second Amended Complaint pursuant to FRCP 12(b)(6).

For the reasons stated below, this Court should dismiss the Second, Third, and Fourth Causes of Action in their entirety.

## I. INTRODUCTION

Plaintiffs bring claims of retaliation and defamation against BDO, yet their complaint is devoid of well-pleaded facts to support each cause of action.

*First*, Weatherly's claim of retaliation under the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL") must fail for lack of standing. Weatherly did not ever live or work in New York, placing her outside the realm of both statutes' protection. Additionally, the Second Cause of Action fails to state a claim for relief as Weatherly fails to allege that she engaged in protected activity.

*Second*, the Third Cause of Action fails to state a statutory basis for relief. For this reason alone, the Third Cause of Action must be dismissed.

*Finally*, the Fourth Cause of Action for defamation similarly fails to properly allege the specifics of the alleged defamatory statements as required by New York law.

Because the Second, Third, and Fourth Causes of Action are insufficiently plead and fail to state a claim for relief, this Court should dismiss those claims with prejudice.

## II.  BACKGROUND[1]

BDO employed Plaintiffs in its wealth advisory subsidiary based in Jacksonville, Florida, beginning in the spring of 2017. (Second Am. Compl. ¶ 22.) Plaintiffs all executed Manager Agreements with BDO, under which they are prohibited from soliciting or servicing any of the BDO clients or prospective BDO clients with which they had relationships that they acquired, developed, or otherwise maintained while employed with BDO. (*Id.* ¶ 21, Ex. A ¶ 7(a).)

In May 2023, BDO sought to sell its wealth advisory subsidiary to private equity firm Choreo, LLC ("Choreo"). (*Id.* ¶¶ 27, 29.) As part of the proposed sale, Choreo offered Plaintiffs continued employment post-transaction. (*Id.* ¶¶ 31, 43.) Plaintiffs, unhappy with the terms of their Choreo offers, declined to sign and filed the instant action against BDO, seeking to have their restrictive covenants with BDO declared void. (*Id.* ¶¶ 1, 99, 101.)

As relevant to the retaliation claims, in June 2023, Weatherly allegedly complained to BDO's People & Culture Department ("P&C") that "[d]uring multiple discussions this week around signing the Choreo contract, I've been harassed, threatened and told my not signing would eliminate jobs in my local office." (*Id.* at ¶ 77.) Weatherly subsequently met with representatives from P&C, and again tied the alleged harassment to the Choreo sale. (*Id.* at ¶ 83 (stating that Weatherly complained that she "had been placed in an uncomfortable position during an already stressful time").) Weatherly does not allege that she stated to BDO that she believed this harassment was due to her gender.

---

[1] BDO has not yet filed an Answer in this action. Any citation to facts alleged in Plaintiffs' Second Amended Complaint is for the purposes of this Motion only and does not constitute an admission, adoption, or acceptance of Plaintiffs' facts as plead.

BDO requested leave from this Court to file a Motion to Dismiss as Weatherly's retaliation cause of action failed to state a claim upon which relief could be granted, even after the First Amended Complaint was filed. (*See* BDO's Letter Mot. for Conference (ECF No. 8).) Plaintiffs requested leave to file a Second Amended Complaint, which the Court granted. (*See* Plaintiffs' Opposition to Letter Mot. (ECF No. 14).)

The Second Amended Complaint added two additional claims—another retaliation claim and a defamation claim. (*See* Second Am. Compl. (ECF No. 22).) The Second Amended Complaint alleges that BDO retaliated against all three Plaintiffs by firing them for filing the First Amended Complaint. (*Id.* ¶ 173.) Plaintiffs also added a defamation cause of action to the Second Amended Complaint, claiming that BDO employee Michael Lynch called clients that Plaintiffs serviced at BDO and told them that Plaintiffs had been terminated for cause and had done something wrong. (*Id.* ¶¶ 179–81.)

Plaintiffs' Second, Third, and Fourth Causes of Action fail to state a claim upon which relief may be granted, and must be dismissed.

### III.   ANALYSIS

#### A.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient well-pleaded facts to state a claim to relief that is plausible on its face. *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the Court must accept the well-pleaded facts of the Complaint as true, conclusory, "the-defendant-unlawfully-harmed-me" accusations and "naked assertions" without a supporting factual basis are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Rather, the factual allegations must nudge Plaintiffs' claims "across the line from conceivable to plausible." *Id.* at 683 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B.     Weatherly Has No Standing to Bring NYSHRL or NYCHRL Claims.

As a non-resident who neither lived nor worked in New York, Weatherly lacks standing to bring a claim under NYSHRL or NYCHRL. For a non-resident to bring a claim under NYSHRL or NYCHRL, the non-resident must plead and prove that the effects of the alleged discrimination or retaliation were felt by the plaintiff in New York due to her employment in the state or city. *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182–83 (2d Cir. 2016); *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021) (to state a claim, "the impact of the employment action must be felt by the plaintiff in NYC"). When the plaintiff both lives and works in a completely different state, she has no standing to bring a claim under either law, as no effect is felt in the city or state of New York. *Hoffman v. Parade Publications*, 933 N.E.2d 744 (N.Y. 2010) (dismissing age discrimination claims where plaintiff was neither a resident nor employed in the city or state of New York); *Wolf v. Imus*, 170 A.D.3d 563, 564 (N.Y. App. Div. 2019) ("The Supreme Court properly dismissed plaintiff's age discrimination claims brought under the City and State Human Rights Laws, because the impact on plaintiff from the termination of his employment occurred in Florida, where he lived and worked."). The presence of clients or tangential contacts in the city or state is not enough. *Vangas*, 823 F.3d at 182–83.

Here, Weatherly, via her Second Cause of Action, has no standing to bring claims under NYSHRL or NYCHRL as none of the alleged retaliatory actions were felt in New York. BDO's wealth advisory practice was based in Jacksonville, Florida. (Second Am. Compl. ¶ 22.) Weatherly did not live or work in New York. (*Id.* ¶¶ 3–5, 22.) Instead, she lived and worked in Florida during her relationship with BDO, and she pleads no facts alleging that she ever spent any time in New York for business reasons or served any New York clients. (*Id.* ¶¶ 3–5, 22.) New York law is clear that Weatherly is simply outside the scope of NYSHRL and NYCHRL's protection. For this reason alone, the Second Cause of Action must be dismissed.

### C. Weatherly's Second Cause of Action for Retaliation Also Fails to State a Claim.

Even if Weatherly had standing to bring NYSHRL or NYCHRL claims (which she does not), the Second Cause of Action fails on the merits. To state a claim for retaliation under NYSHRL and NYCHRL, Weatherly must plausibly allege that she: (1) engaged in a statutorily protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the plaintiff; and (4) the existence of a causal connection between the protected activity and the adverse action. *See, e.g.*, *Romano v. A360 Media, LLC*, No. 120CV08988LTSOTW, 2023 WL 348459, at *10 (S.D.N.Y. Jan. 20, 2023). Despite amending the Complaint twice, Weatherly still fails to allege well-pleaded facts demonstrating that she engaged in protected activity.

"Courts in the Second Circuit have consistently held that, when an employee engages in an activity that might otherwise qualify as protected—such as making an HR complaint or filing a lawsuit—the activity is not protected when the communication makes no mention of discrimination." *Romano*, 2023 WL 348459, at *11 (dismissing retaliation claim where plaintiff's HR complaint only alleged that manager was "abusive and toxic" without alleging such treatment was discriminatory); *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 520-22 (S.D.N.Y. 2010) (dismissing retaliation claim where plaintiff complained of supervisor's "bullying" and "creating an unprofessional environment" due to supervisor's preferential treatment of significant other because plaintiff failed to assert that the supervisor's behavior was due to discrimination); *see also Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, No. 21-CV-11237 (CS), 2023 WL 1109702, at *15 (S.D.N.Y. Jan. 30, 2023) (collecting cases where allegations that a plaintiff's supervisor was abusive or mean, absent claims that the conduct was due to a protected class, were insufficient to state a claim for a hostile work environment).

Here, Weatherly's email complaint to P&C does not reference gender discrimination, or any facts whatsoever that would imply gender discrimination. (Second Am. Compl. ¶ 77.) Rather, Weatherly's email complaint to P&C specifically ties the "harassment" and "threat[s]" to Weatherly's refusal to sign the Choreo agreement. (*Id.* at ¶ 77.) Further, Weatherley's self-serving, conclusory claim that she "clearly and unequivocally conveyed to BDO that she was being targeted as a mother with young children" is directly contradicted by the well-pleaded facts of the Second Amended Complaint. (*Id.* ¶ 159.)

To wit, Weatherly does ***not*** allege that she raised gender discrimination or harassment in her subsequent meeting with P&C. (*Id.* at ¶ 83.) Once more, Weatherly tied the alleged harassment to the Choreo sale. (*Id.* at ¶ 83) (stating that Weatherly "had been placed in an uncomfortable position during an already stressful time" and containing no allegations of gender-based discrimination or harassment).

At most, the well-pleaded facts show that Weatherly claimed Mark Biegel's alleged behavior was unprofessional. (*Id.* at ¶ 83.) Weatherly's email complaint and subsequent meeting with P&C are insufficient to put BDO on notice that Weatherly was complaining of gender discrimination. *Johnson v. City Univ. of New York*, 48 F. Supp. 3d 572, 577 (S.D.N.Y. 2014) ("what CUNY knew—that Johnson's Chair was bullying and being rude to him—would not put it on notice that Johnson intended to complain about activity prohibited by Title VII.").

Further damaging Weatherly's claim, the Second Amended Complaint also details how Weatherly and her two ***male*** coworkers, Albaneze and Cochran, were all subject to the same alleged "harassment." (*See generally* Second Am. Compl. (alleging that all three plaintiffs suffered harassment and threats relating to their refusal to sign the Choreo agreements).) Though Weatherly provides a conclusory allegation that BDO "harass[ed] her more than her male counterparts," the

well-pleaded facts of the Second Amended Complaint establish no such thing. (*Id.* at ¶ 154.) There are no facts in the Second Amended Complaint supporting the claim that Weatherly told anyone at BDO that she believed that she was "harass[ed] more than her male counterparts." (*Id.* at ¶¶ 77, 83 (detailing Weatherly's alleged complaints to P&C regarding the harassment and containing no allegations that Weatherly said she was harassed more than Cochran or Albaneze).) To the contrary, the factual allegations of the Second Amended Complaint, if accepted as true for the purposes of a motion to dismiss, are that BDO treated all three Plaintiffs equally poorly throughout the Choreo deal. (*Id.* at ¶¶ 56–57 (allegedly threatening to sue all three Plaintiffs for refusing to sign the Choreo agreements); ¶ 62–63 (allegedly threatening to "bankrupt" Albaneze and Cochran through litigation); ¶ 68 (allegedly threatening to "destroy" both Cochran and Weatherly and their families); ¶¶ 71–73 (allegedly calling and threatening Albaneze with litigation).) There is no reasonable basis for Weatherly—or BDO—to believe that Weatherly was complaining of gender-based harassment when she reported this alleged conduct to P&C, because the complained-of conduct affected both her and her male counterparts.

Because the Second Amended Complaint fails to allege that Weatherly engaged in protected activity, the Second Cause of Action must be dismissed.

### D. Plaintiffs' Third Cause of Action for Retaliation Fails to State Grounds for Relief.

The Third Cause of Action must be dismissed as it fails to identify the basis for Plaintiffs' cause of action. While the Second Cause of Action clearly brings a claim under NYSHRL and NYCHRL (which fail for the reasons discussed *supra*), the Third Cause of Action contains no such allegation. The failure to identify the basis of the cause of action is alone grounds for dismissal as the Second Amended Complaint fails to give BDO fair notice of the grounds on which the claim rests. *See* Rule 8(a)(2); *Atuahene v. City of Hartford*, 10 Fed. App'x. 33, 24 (2d Cir. 2001)

(affirming dismissal of complaint where, after multiple amendments, it was still so vague and conclusory that defendants could not identify the causes of action and their factual bases); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial. . . .").

To the extent that the Plaintiffs contend to bring this claim under NYSHRL and NYCHRL, it fails for the same reasons outlined above—Plaintiffs are not New York residents, are not employed in New York, and no effects of the alleged discriminatory treatment would be felt in New York. *Vangas*, 823 F.3d at 182–83 (effects of adverse employment action must be felt in New York City or state); *Wolf*, 170 A.D.3d at 564 (affirming dismissal of NYSHRL and NYCHRL claims brought by plaintiffs that lived and worked in Florida). To the extent Plaintiffs attempt to bring a claim under Title VII of the Civil Rights Act, Plaintiffs have not pled that they exhausted their administrative remedies. 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (plaintiff must exhaust her administrative remedies by filing a charge with the EEOC before bringing a federal lawsuit).

But BDO should not have to speculate as to the grounds for Plaintiffs' claims. The mere fact that BDO is unable to assert its defenses with particularity demonstrates that this Cause of Action is deficient on its face and must be dismissed.

    **E.**     **Plaintiffs' Fourth Cause of Action for Defamation Is Not Pled With Specificity and Lacks Merit.**

To establish a defamation cause of action, Plaintiffs must plead and prove (1) a false statement, (2) publication without privilege or authorization to a third party, (3) by at least a negligence standard of fault and (4) the statement either causes special damages or constitutes defamation per se. *Matthews v. Malkus*, 377 F. Supp. 2d 350, 357 (S.D.N.Y. 2005).

At the pleading stage, New York law requires that "the particular words complained of shall be set forth in the complaint." N.Y. C.P.L.R 3016(a). Specifically, the defamatory words must be set forth *in haec verba*, such that mere paraphrases of the defamatory words fail to meet its requirements. *Romanello v. Intesa Sanpaolo S.p.A.*, 97 A.D.3d 449, 455 (N.Y. App. Div. 2012), *aff'd as modified*, 998 N.E.2d 1050 (N.Y. 2013) (affirming dismissal of defamation claim where "Plaintiff's allegations of 'statements to the effect that' and 'or other words synonymous therewith' were not sufficiently specific"); *Langella v. Mahopac Cent. Sch. Dist.*, No. 18-CV-10023 (NSR), 2022 WL 44776, at *11 (S.D.N.Y. Jan. 5, 2022) (granting motion to dismiss defamation claim due to failure to plead the exact contents of defamatory statements in complaint). The complaint must also include the time, place, and manner of the false statement and specify to whom it was made. *See Tsatskin v. Kordonsky*, 189 A.D. 3d 1296, 1299 (N.Y. App. Div. 2020) (dismissing defamation claim that alleged defamatory statements over a two-year period as insufficiently specific); *CSI Grp., LLP v. Harper*, 153 A.D.3d 1314, 1320 (N.Y. App. Div. 2017) (pleading only that defendant published defamatory statements to "certain clients" was grounds for dismissal).

Plaintiffs' Second Amended Complaint fails to meet these requirements. Here, the Second Amended Complaint alleges that BDO employee Michael Lynch contacted "a client that [Plaintiffs] had brought to BDO" and claims Lynch and another unnamed BDO employee told two unnamed clients that BDO had terminated Plaintiffs' employment for cause. (Second Am. Compl. ¶¶ 179–81.) Plaintiffs fail to specifically allege to whom these statements were made, who from BDO made one of the statements, and the exact words used in these conversations, as demonstrated by the lack of quotation marks present in the Second Amended Complaint. New York courts strictly construe the pleading requirements of N.Y. C.P.L.R. 3016(a), and paraphrasing the alleged defamatory statements warrants dismissal. *Langella*, 2022 WL 44776, at *11 (quoting *Scalise v.*

*Herkimer, Fulton, Hamilton & Otsego Cnty. BOCES*, 16 A.D.3d 1059 (N.Y. App. Div. 2005)). Further, the circumstances of the alleged defamatory conversation are insufficiently specific as Plaintiffs do not identify the particular clients to which the statements were allegedly made. *CSI Grp.*, 153 A.D.3d at 1320.

Because the baseless allegations of defamation fail to properly state a claim for relief, the Fourth Cause of Action must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, BDO respectfully requests that the Court dismiss the Second, Third, and Fourth Causes of Action in the Second Amended Complaint with prejudice.

Dated:  November 7, 2023    Respectfully Submitted,
       New York, New York

MCDERMOTT WILL & EMERY LLP

By:  */s/ Lindsay F. Ditlow*
     Lindsay F. Ditlow
     One Vanderbilt Avenue
     New York, New York  10017-3852
     +1 212 547 5400
     lditlow@mwe.com

     Michael Sheehan (*pro hac vice*)
     Brian Mead (*pro hac vice*)
     444 West Lake Street
     Chicago, Illinois  60606-0029
     +1 312 372 2000
     msheehan@mwe.com
     bmead@mwe.com

     *Attorneys for Defendant BDO USA, P.C.*

**CERTIFICATION OF COMPLIANCE**

I hereby certify that the body of this Memorandum of Law contains 2,907 words and complies with Judge Koeltl's individual formatting rules for motions.

Dated: November 7, 2023          */s/ Lindsay F. Ditlow*
                                 Lindsay F. Ditlow

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed via CM/ECF, and electronic notice was served via CM/ECF on all attorneys of record in this action.

Dated: November 7, 2023          */s/ Lindsay F. Ditlow*
                                 Lindsay F. Ditlow