**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**JEFFERY T. ALBANEZE, ET AL.,**

                Plaintiffs,         23-cv-7197 (JGK)

     - against -                  **MEMORANDUM OPINION AND ORDER**

**BDO USA, P.A.,**

                Defendant.

---

**JOHN G. KOELTL, District Judge:**

    The plaintiffs move for reconsideration of that part of this Court's decision, issued on the record at the hearing held on July 24, 2024, that denied the plaintiffs' motion to dismiss the defendant's counterclaims for tortious interference with prospective business advantage. See ECF No. 63-1 ("Tr.") at 22-25. For the reasons that follow, the motion for reconsideration is **denied**.

    The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the [C]ourt overlooked . . . that might reasonably be expected to alter the conclusion reached by the [C]ourt." Id.[1]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

1

In this case, the plaintiffs argue that the Court overlooked the heightened standard for the "wrongful means" element of tortious interference with prospective business advantage. The Court stated that, under New York law, this element required BDO (the defendant) to allege that the plaintiffs "acted solely out of malice, or used dishonest, unfair, or improper means" when the plaintiffs interfered with BDO's business relationships. Tr. at 22-23 (quoting <u>Carvel Corp. v. Noonan</u>, 350 F.3d 6, 17 (2d Cir. 2003)). The plaintiffs contend that this standard cannot be reconciled with the one subsequently set forth by the New York Court of Appeals in <u>Carvel Corporation v. Noonan</u>, 818 N.E.2d 1100, 1103 (N.Y. 2004). According to the plaintiffs, the "wrongful means" element requires BDO to show that the plaintiffs' conduct "amount[ed] to a crime or an independent tort," or that the plaintiffs engaged in the conduct "for the sole purpose of inflicting intentional harm on" BDO. <u>Id.</u>

The plaintiffs have failed to show that the Court erred. In <u>Carvel</u>, the New York Court of Appeals proceeded to endorse the definition of "wrongful means" from the Restatement (Second) of Torts. <u>Id.</u> at 1104. "Wrongful means" include "physical violence, fraud or <u>misrepresentation</u>, civil suits and criminal prosecutions, and some degrees of economic pressure . . . ." <u>Id.</u>

2

(emphasis added). In this case, in concluding that BDO's allegations stated a claim, the Court specifically pointed to BDO's allegations of misrepresentations made by the plaintiffs. See Tr. at 23:16-18 ("BDO alleges that the plaintiffs made misrepresentations to Choreo as well as BDO in a deal that was mutually beneficial to both Choreo and BDO."); id. at 23:22-23 (alleging that the plaintiffs "falsely represent[ed] that the plaintiffs wished to stay at BDO USA WA while operating Atlantic Edge"); see also Sidney Frank Importing Co. v. Beam Inc., 998 F. Supp. 2d 193, 212-13 (S.D.N.Y. 2014) (finding allegations that the defendant made false statements to the plaintiff's distributors sufficient to establish "wrongful means"). Therefore, the plaintiffs' basis for reconsideration is unpersuasive.

The motion for reconsideration is **denied**. The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk is directed to close ECF Nos. 63 and 64.

SO ORDERED.

Dated:   New York, New York
         September 20, 2024

                                      /s/ John G. Koeltl
                                      John G. Koeltl
                                      United States District Judge