UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY T. ALBANEZE, et al.,

                Plaintiffs,

                -against-

BDO USA, P.C.,

                Defendant.

------------------------------------------------------------x

23-CV-7197 (JAV) (OTW)

**OPINION AND ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

On November 27, 2023, Defendant filed their "Answer and Counterclaim" (ECF 25) to Plaintiffs' Second Amended Complaint (ECF 6). The putative counterclaim added two parties—David Albaneze and Atlantic Edge Private Wealth Management, LLC ("Atlantic")[1]—as defendants. Neither of these new defendants were added to the caption of ECF 25, nor were they served with the third-party complaint. *See Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, 56 F. Supp. 3d 576, 582–83 (S.D.N.Y. 2014); *Argonaut Ins. Co. v. Halvanon Ins. Co.*, 545 F.Supp. 21, 22–23 (S.D.N.Y. 1981). *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1441 (3d ed.) ("History of Rule 14"). It is also not clear whether Defendant intended to join Atlantic Edge and David Albaneze under Federal Rule 19 or 20. *See* Fed. R. Civ. P. 19, 20

---

[1] David Albaneze is the father of Plaintiff Jeffrey Albaneze. (ECF 6 at ¶ 104). Atlantic Edge is Plaintiffs' corporation. (ECF 62 at ¶ 11).

Apparently belatedly realizing that these third-party defendants had not been served, Defendant sought issuance of summonses, which did not go well, because the caption—and thus the docket—did not reflect these additional parties. (ECF Nos. 85, 86, 87). Piling on, Plaintiffs filed objections to issuance of the summons. (ECF 88).

Rule 4(b) is not permissive; it states, in relevant part, that "[i]f the summons is properly completed, the clerk <u>must</u> sign, seal, and issue it . . . for service." Fed. R. Civ. P. 4(b) (<u>emphasis added</u>). In light of Plaintiffs' objections to issuance of the summons, I directed the parties to file letter briefs specifically addressing whether Plaintiffs could object to the issuance of summons. (ECF 93). What followed, unfortunately, was letter briefing on Rule 4(m), the time to serve the summons and complaint, and no argument from Plaintiffs regarding whether they had standing to object to the issuance of the summonses.[2] (*See* ECF Nos. 95, 97).

Plaintiffs do not assert that Atlantic and David Albaneze do not have actual notice of the claims against them, nor could they plausibly do so. (*See* ECF 95). Plaintiffs' answer to the counterclaims clearly references both Atlantic and David Albaneze and responds to allegations directed to them. (ECF 62). Moreover, the parties have been in dispositive motion practice—including a motion to dismiss the counterclaims—and then settlement discussions, for much of the last two years; discovery has barely commenced. (*See generally* ECF Nos. 23, 34, 37, 43, 55, 87, 88). Thus, there would be no prejudice to joining Atlantic and David Albaneze at this point. However, they are not counterclaim defendants.

---

[2] Instead, Plaintiffs filed a letter styled as a "motion to dismiss" the claims against David Albaneze and Atlantic under Rule 4(m) and for "lack of prosecution" under Rule 41(b). (ECF 95).

Accordingly, Defendant is directed to file an Amended Answer and Counterclaims/Third-Party Complaint that amends the caption and joins Atlantic and David Albaneze properly as third-party defendants. Defendant is explicitly directed **not** to add new claims or attempt to revive any claims that were previously dismissed by Judge Koeltl. (ECF Nos. 55, 63-1). These claims were the subject of several months of litigation, including a motion for reconsideration, (ECF 63), and will not be revisited here. **The Amended Answer and Counterclaims/Third-Party Complaint shall be filed by March 20, 2025, and promptly served in accordance with Rule 4.** The parties are directed to familiarize themselves fully with the various subparts of Rule 4, including Rule 4(d), governing waiver of service. Third-Party Defendants' time to answer or move with respect to the claims against them will be governed by Rule 4(d)(3). Counterclaim Defendants may, in lieu of filing a new answer, have their original Counterclaim Answer at ECF 62 be deemed as responsive to the Amended Answer and Counterclaim.

All other briefing in this action is **STAYED**, as it is not clear that other issues identified in ECF Nos. 87 and 92 are ripe.

The Clerk of Court is respectfully directed to close ECF 95.

**SO ORDERED.**

Dated: March 14, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge