UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JEFFERY T. ALBANEZE, MATTHEW B.
COCHRAN, AND KAITLYN P. WEATHERLY,

                              Plaintiffs and
                        Counterclaim-Defendants,

    -vs.-

BDO USA, P.C.,                      Defendant and     Case No.: 1:23-CV-07197
                              Counterclaim-Plaintiff.     (JAV)(OTW)
_____

BDO USA, P.C.,         Third-Party Plaintiff,

    -vs.-

DAVID ALBANEZE and ATLANTIC EDGE
WEALTH MANAGEMENT,

                        Third-Party Defendants.
_____

**THIRD-PARTY DEFENDANT DAVID ALBANEZE'S
REPLY IN FURTHER SUPPORT OF MOTION TO
DISMISS THE SECOND AMENDED COUNTERCLAIMS**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................................1

ARGUMENT ....................................................................................................................................1

I.     This Court Lacks Personal Jurisdiction Over Dave Albaneze ............................................1

II.    Venue Is Improper ...............................................................................................................4

III.   Tortious Interference with Prospective Business Advantage ..............................................5

    A.  BDO Has Not Alleged Solely Malicious Conduct or Improper Means..............................5

        1. Solely Malicious Conduct .............................................................................................5

        2. Improper Means ............................................................................................................5

    B.  BDO Has Not Alleged Conduct Directed at a Third Party ....................................7

    C.  BDO Has Not Alleged Causation ...........................................................................7

IV.   Civil Conspiracy .................................................................................................................8

V.    Tortious Interference with Contract....................................................................................8

VI.   Breach of Contract ..............................................................................................................9

VII.  The SAC is Procedurally Improper...................................................................................11

VIII. Amendment Would Be Futile ...........................................................................................12

CONCLUSION................................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*A. Terzi Prods., Inc. v. Theatricial Protective Union*, No.,
   2000 WL 1234579 (S.D.N.Y. 2000) .................................................................................... 7
*ComJet Aviation Mgmt. LLC v. Aviation Invs. Holdings Ltd.*,
   303 A.D.2d 272 (1st Dept. 2003) ......................................................................................... 3
*Diamond v. Calaway*,
   2018 WL 4906256 (S.D.N.Y. 2018) .................................................................................... 4
*Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*,
   2000 WL 1277597 (S.D.N.Y. 2000) ................................................................................. 2, 3
*EGI-VSR, LLC v. Huber*,
   2020 WL 1489790 (S.D.N.Y. 2020) .................................................................................... 2
*Exec. Trim Constr., Inc. v. Gross*,
   525 F. Supp. 3d 357 (N.D.N.Y. 2021) ................................................................................. 5
*Fifth St. Fin. Corp. v. Toll*,
   2013 WL 3757037 (S.D.N.Y. July 17, 2013) ................................................................... 6, 7
*Freeford Ltd. v. Pendleton*,
   53 A.D.3d 32 (1st Dept. 2008) ............................................................................................. 3
*Law Offs. of Ira H. Leibowitz v. Landmark Ventures, Inc.*,
   131 A.D.3d 583 (2d Dept. 2015) .......................................................................................... 5
*Magi XXI, Inc. v. Stato della Citta del Vaticano*,
   714 F.3d 714 (2d Cir. 2013) .............................................................................................. 3, 4
*NBT Bancorp Inc. v. Fleet/Norstar Financial Group., Inc.*,
   87 N.Y.2d 614 (1996) ........................................................................................................... 7
*Phillips v. Audio Active Ltd.*,
   494 F.3d 378 (2d Cir. 2007) ................................................................................................. 2
*Production Resource Group, L.L.C. v. Martin Professional, A/S*,
   907 F. Supp. 2d 401 (S.D.N.Y. 2012) .................................................................................. 2
*Prysm Group, LLC v. Emeritus Institute of Mgt. PTE LTD*,
   2025 WL 1827274 (S.D.N.Y. 2025) ................................................................................. 6, 7
*RSM Production Corp. v. Fridman.*,
   643 F.Supp.2d 382 (S.D.N.Y. 2009) .................................................................................... 8
*Transient Path, LLC v. Stones S. Bay Corp.*,
   2024 WL 3730113 (S.D.N.Y. 2024) .................................................................................... 2
*Weingard v. Telepathy, Inc.*,
   2005 WL 2990645 (S.D.N.Y. 2005) ................................................................................. 3, 4

**PRELIMINARY STATEMENT**

David Albaneze submits this Reply in further support of his Motion to Dismiss ("Motion").[1] Defendant BDO USA, P.C.'s Consolidated Response to the Motion, Dkt.154 ("Opposition") relies on an insufficiently pled grand conspiracy and the conclusory allegations in the SAC themselves undermine any plausible inference that such a conspiracy existed. The SAC is BDO's third attempt to plead claims against Dave Albaneze, and this time with the benefit of discovery. BDO still cannot sufficiently plead *any* viable cause of action against Dave Albaneze – because Dave Albaneze was simply not involved in the conduct alleged in the SAC.

Moreover, when BDO amended its pleading in response to Dave Albaneze's prior Motion to Dismiss, it repleaded its breach of contract claim against only the Original Plaintiffs – and removed Dave Albaneze. Dkt.138-6.[2] That amendment is fatal to BDO's claims remaining against Dave Albaneze, because BDO now alleges only tort claims against Dave Albaneze and has no jurisdictional hook to drag Dave Albaneze, a retired, Florida resident who BDO admits has no involvement with Atlantic Edge, into the Southern District of New York.

Finally, BDO's procedural blunders warrant dismissal.

The Court should dismiss the SAC against Dave Albaneze.

**ARGUMENT**

**I. This Court Lacks Personal Jurisdiction Over Dave Albaneze**

First and dispositively, this Court does not have jurisdiction over Dave Albaneze. BDO relies on a forum selection clause in the Agreement, which Dave Albaneze signed when he became a BDO employee. ¶46. That reliance is misplaced because the forum selection clause was narrowly drafted to apply to only those actions "*brought under this Agreement*." *See* Dkt. 138-4,

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Motion (Dkt.154).
[2] In the Opposition, BDO argues it still pled this claim against Dave Albaneze. As discussed below, BDO is wrong.

1

Ex. D (emphasis added). This case is not an employment dispute. Dave Albaneze was retired during the period alleged in the SAC. ¶3. The claims asserted against Dave Albaneze—tortious interference and conspiracy—arise under state law and do not require interpretation or enforcement of the Agreement. Thus, there is no merit to BDO's contention that it may rely on the forum selection clause for claims that are not "brought under" this Agreement.

Courts in this Circuit repeatedly hold that such "narrow" forum selection clauses do not extend to independent tort claims. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 391–92 (2d Cir. 2007); *Transient Path, LLC v. Stones S. Bay Corp.*, 2024 WL 3730113, *5 (S.D.N.Y. Aug. 8, 2024). In *Prod. Res. Grp. L.L.C. v. Martin Pro., A/S*, 907 F. Supp. 2d 401, 412 (S.D.N.Y. 2012), the court explained: "[c]ourts have identified at least two categories of terms describing the scope of a forum selection clause. The narrower category includes terms such as 'arise out of,' 'arise from,' or 'arising under,' whereas the broader category includes terms such as 'in connection with,' 'relating to,' or 'associated with.'"

BDO misapplies *EGI-VSR, LLC v. Huber*, 2020 WL 1489790 (S.D.N.Y. Mar. 27, 2020) and *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000), which are readily distinguishable. Dkt.154 at 13. *EGI-VSR* did not involve independent tort claims or unrelated actions, as BDO alleges here. 2020 WL 1489790, at *6. Rather, the court applied a forum selection clause to a dispute involving the enforcement of an arbitration award, because the dispute arose under the agreement. *Id.* (holding the "contractual language evidence[d] an intent to submit to the jurisdiction of this Court in disputes involving the enforcement or interpretation of the [] [a]greement, including arbitral enforcement actions like the one at bar."). In *Direct Mail*, the claims all "require[d] analysis of the rights and duties defined by the [parties' agreement]." 2000 WL 1277597, at *6. In contrast, BDO's tort and conspiracy allegations against Dave

Albaneze do not depend on the existence of the Agreement. Therefore, BDO cannot use the forum selection clause in the Agreement to sue Dave Albaneze in this court.

BDO next argues that Dave Albaneze is somehow bound by the ***Plaintiffs'*** forum selection clauses in ***their*** Manager Agreements because, according to BDO, he is "closely related" to Plaintiffs. Dkt.154 at 2. BDO is grasping at straws. Dave Albaneze is not a signatory to those agreements, and cannot be bound by them.

Although courts allow non-parties ***to enforce*** a forum selection clause where the non-party is "closely related" to the party to the agreement containing that clause, the nonparty and the signatory must be "sufficiently close so that enforcement of the clause is foreseeable by virtue of the relationship between them." *Freeford Ltd. v. Pendleton*, 53 A.D.3d 32, 39 (1st Dept. 2008). "'In discerning whether parties are 'closely related,' the Second Circuit has looked to whether the non-signatory '[is an] intended beneficiar[y] entitled to enforce' the clause in question . . . .'" *Id.* (*quoting Direct Mail*, 2000 WL 1277597, at \*3).

Here, there is no allegation that Dave Albaneze is an intended beneficiary, nor is Dave Albaneze seeking to enforce the forum selection clauses in Plaintiffs' Manager Agreements. Accordingly, this argument fails on the merits. *ComJet Aviation Mgmt. LLC v. Aviation Invs. Holdings Ltd.*, 303 A.D.2d 272, 273 (1st Dept. 2003) (plaintiff with "an arm's-length relationship with defendants, and no relationship with the bank [could not] enforce the forum selection clauses in the loan or pledge agreements on the ground that it is 'closely related' to a signatory.") (citation omitted).

The cases BDO relies on are inapposite. In both *Weingard v. Telepathy, Inc.*, 2005 WL 2990645, \*6 (S.D.N.Y. Nov. 7, 2005) and *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013), the courts held that a non-signatory could enforce a forum selection

3

clause. Those cases do not support BDO's position that it may sue Dave Albaneze in New York on tort claims, simply because it has breach of contract claims against other parties – the Plaintiffs – who signed forum selection clauses under which they agreed to litigate their employment disputes in New York. In addition, the claims brought against Dave Albaneze can be adjudicated without an interpretation of the Plaintiffs' Manager Agreements. *See Magi XXI*, 714 F.3d at 725.

Moreover, in *Weingard*, the court noted that a non-party to an agreement is only "'closely related' to a dispute if its interests are 'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interests or conduct." *Weingard,* 2005 WL 2990645, at *6 (citations omitted). That is not the case here.

*Diamond v. Calaway*, 2018 WL 4906256 (S.D.N.Y. Oct. 9, 2018) is likewise distinguishable. There, one of the defendants entered a contract to perpetuate a fraud, and the court found it "foreseeable" that his wife (another defendant) be bound by the forum selection clause in the agreement. *Id.* at *6. Here, Plaintiffs signed their Manager Agreements as a condition of employment in 2017. ¶2. BDO does not allege that they were executed for improper purposes – they were simply employment agreements. It was not foreseeable that in 2025, Dave Albaneze would be dragged into court in New York for tort claims based on clauses in those employment agreements, which he was not a party to.

## II. Venue Is Improper

As discussed in the Motion, BDO has not met its burden to prove venue is proper because Mr. Albaneze is domiciled in Florida and the SAC does not allege that any substantial part of the events occurred in New York. BDO cannot rely on the forum selection clause in Dave Albaneze's Agreement, because its claims are not "brought under th[e] Agreement." The Court should dismiss the SAC as to Dave Albaneze based on improper venue.

4

### III. Tortious Interference with Prospective Business Advantage

#### A. BDO Has Not Alleged Solely Malicious Conduct or Improper Means

##### 1. *Solely Malicious Conduct*

BDO argues that Dave Albaneze "had a vendetta against BDO" because "he previously made comments that he did not receive the full value of the LBA business he sold and was disappointed with that outcome." Dkt. 154 at 31. This argument is unavailing.

First, disappointment over a previous business transaction does not equate to the malice required under New York law. *See, e.g.*, *Exec. Trim Constr., Inc. v. Gross*, 525 F. Supp. 3d 357, 374 (N.D.N.Y. 2021) (plaintiff failed to plausibly allege claim based on, *inter alia*, allegations of the defendant's "extreme unhappiness" with his compensation).

Second, BDO alleges that Dave Albaneze was motivated by a desire that "he and others should buy BDO's wealth advisory business back so it could be sold for a higher value." ¶19. This allegation undermines BDO's argument regarding solely malicious conduct. "[W]here the offending party's actions are motivated by economic self-interest, they cannot be characterized as solely malicious." *Law Offs. of Ira H. Leibowitz v. Landmark Ventures, Inc.*, 131 A.D.3d 583, 586 (2d Dept. 2015) (citation omitted). Moreover, BDO alleges that Dave Albaneze was motivated to support his son's business venture, which constitutes **a normal family interest**, not malice.

Third, the allegations about Dave Albaneze's motivation are conclusory and lack specific factual support showing his actions were motivated exclusively by a desire to inflict harm.

##### 2. *Improper Means*

BDO has not alleged improper means. BDO first contends that it satisfied this element by alleging that Dave Albaneze tortiously interfered with Plaintiffs' Manager Agreements, which would be an independent tort. Dkt.154 at 31-32. BDO is wrong. As discussed below, the only

5

potential breaches of the Manager Agreements are Plaintiffs' alleged failures to pay liquidated damages.  *See* Dkt. 63-1 at 17:16-18:9.  Although BDO does not specifically allege interference by Dave Albaneze with Plaintiffs' alleged failures to pay, even if it did, that payment obligation is not "necessary to and a part of" any alleged "interference with both Choreo and BDO USA WA."  *See* Dkt.154 at 31.

Regardless, this alleged interference is not "wrongful means" because BDO does not allege that it was directed at Choreo or BDO USA WA, *i.e.*, the third parties.  There are no allegations that Dave Albaneze committed *any* independent tort or wrongful act directed at Choreo or BDO USA WA.  The "wrongful means" requirement is not satisfied by internal disputes or breaches between BDO and its former employees.

BDO further argues that it alleged Dave Albaneze "direct[ed] the Original Plaintiffs' misconduct," and that he "called the plays that the Original Plaintiffs executed."  Dkt.154 at 32.  First, these facts are not alleged in the SAC.  The SAC fails to identify *specific* wrongful means *by Dave Albaneze*.  General allegations of "direction" and "encouragement" are insufficient.  *See Fifth St. Fin. Corp. v. Toll*, 2013 WL 3757037, *4-5 (S.D.N.Y. July 17, 2013); *see also Prysm Group, LLC v. Emeritus Institute of Mgt. PTE LTD*, 2025 WL 1827274, *5 (S.D.N.Y. 2025).

Furthermore, BDO misconstrues its allegations against Plaintiffs as allegations against Dave Albaneze.  Dkt.154 at 32.  BDO argues that "Judge Koeltl previously found that wrongful means were at play" and that the "same misconduct constitutes wrongful means with respect to Dave Albaneze."  *Id.*  BDO is flatly wrong.  The SAC does not allege that Dave Albaneze engaged in the same conduct that is alleged against Plaintiffs.  BDO cannot save its deficient pleading by pointing to allegations against Plaintiffs and exclaiming in conclusory fashion that Dave Albaneze told Plaintiffs to do it.  BDO must allege his direct participation in any independently tortious acts.

6

### B. BDO Has Not Alleged Conduct Directed at a Third Party

As discussed above, BDO does not allege that Dave Albaneze *directed any wrongful conduct at Choreo or BDO USA WA*. BDO argues that direct contact with Choreo or BDO USA WA is not required because tortious interference requires only that the conduct be "directed at" the third party, and Dave Albaneze's purported "coaching" satisfies this requirement. BDO is mistaken on the law. "Coaching" in response to allegedly forwarded emails is not actionable interference, because "persuasion alone, even when knowingly directed at a specific business relationship, is not enough" to constitute wrongful means. *Fifth St.*, 2013 WL 3757037, at *3 (*citing NBT Bancorp Inc. v. Fleet/Norstar Financial Group., Inc.*, 87 N.Y.2d 614, 625 (1996)); *Prysm Group, LLC*, 2025 WL 1827274, at *5.

New York law requires that the defendant's *own actions* be directed toward the third-party relationship. Here, BDO fails to allege any specific actions by Dave Albaneze that were directed at interfering with BDO's relationships with Choreo or BDO USA WA.

BDO's reliance on *A. Terzi Prods., Inc. v. Theatricial Protective Union*, 2000 WL 1234579 (S.D.N.Y. Aug. 31, 2000) is misplaced. There, at trial, credible evidence showed that the defendant interfered with the relationships "through authorization *and participation* in violence or threats of violence." *Id.* at *6. In contrast, BDO has not alleged anything other than conclusory interferences unsupported by facts in support of its claims that Dave Albaneze was "directing" Plaintiffs, which are insufficient under *Twombly/Iqbal*.

### C. BDO Has Not Alleged Causation

BDO fails to establish a causal link between Dave Albaneze's alleged actions and BDO's claimed injuries. BDO argues it alleges that Plaintiffs' actions "started at Dave Albaneze's

7

direction." *See* Dkt.154 at 34. But the SAC relies on an attenuated chain of causation that depends entirely on independent actions by Plaintiffs. *See* Motion at 18-19.

Without specific allegations showing how Dave Albaneze's personal actions directly and proximately caused BDO's injuries, the causation element fails. *See RSM Production Corp. v. Fridman*., 643 F.Supp.2d 382, 410 (S.D.N.Y. 2009) (stating "bare conclusory assertions about causation" are insufficient). BDO's argument that Dave Albaneze "directed" others who then caused harm does not establish the requisite direct causation.

### IV. <u>Civil Conspiracy</u>

BDO does not plausibly allege any agreement or overt act by Dave Albaneze. Motion at 21-22. BDO argues that Dave Albaneze "forgets Paragraphs 82 through 88" – but this is not true. Paragraphs 83 through 86 reference a meeting and communications between Plaintiffs and Ferrara, but do not allege *any* involvement by Dave Albaneze. Paragraphs 82 and 87 discuss two emails where Cochran forwarded proposed compensation terms from Choreo to Dave Albaneze. As discussed in the Motion, ***BDO does not allege that Dave Albaneze instructed or said anything to Cochran in these emails***—because he did not. BDO's inferences in Paragraphs 87 and 88 based on these emails are unreasonable. BDO has not alleged any facts from which the Court can reasonably infer Dave Albaneze participated in a civil conspiracy.

### V. <u>Tortious Interference with Contract</u>

BDO's allegations in support of its tortious interference with contract claim are conclusory and its arguments of "assistance" and "encouragement" are insufficient. BDO has alleged no specific actions by Dave Albaneze showing intentional procurement of breach. Instead, BDO relies on speculation and group pleading. *See* Motion at 22-24.

8

BDO argues that Dave Albaneze "conceptualized and directed" a plan to "disrupt the Choreo transaction, deceive BDO and stop the establishment of BDO USA WA, and abscond with BDO's clients without paying a dime." *See* Dkt.154 at 42. BDO has not alleged facts to support this sweeping conclusion. The SAC lacks non-conclusory allegations that Dave Albaneze caused Plaintiffs to refuse to pay, delay payment, or otherwise breach their payment obligations after BDO's demand for liquidated damages. Indeed, there are no allegations about specific "coaching" or "encouragement" (*see, e.g.* ¶¶282, 297) – which anyway, is not enough to support this claim. The mere fact that Dave Albaneze was "aware" of the Manager Agreements (¶325) is not insufficient.

Finally, to state a claim, BDO must allege that Plaintiffs would have performed their payment obligations ***but for*** Dave Albaneze's conduct. The SAC does not allege such a causal link. BDO's reliance on allegations made "upon information and belief" (e.g., ¶¶56, 57, 132) and what it claims to be "reasonable inferences" (e.g. ¶¶102, 103) do not suffice because BDO has not alleged facts to support such inferences.

## VI. Breach of Contract

When BDO filed the SAC in response to Dave Albaneze's original motion to dismiss, it unquestionably ***struck*** Dave Albaneze from the breach of contract count:



COUNT ~~V~~VIII
(Breach of Contract Against
~~Dave Albaneze,~~ Jeff Albaneze, Cochran, and Weatherly)

333. ~~309.~~ BDO incorporates and realleges paragraphs 1 through ~~308~~271 as if fully set forth herein.

*See* Dkt.138-6. In the Opposition, however, BDO argues that claim is live. The Court should reject this argument and even if BDO's latest misstep is excused, this claim fails.

This is BDO's third attempt to properly plead a case against Dave Albaneze. It is a sophisticated, counseled party. BDO's inability to comply with the Federal Rules (*see also* Section VII) should not come at Dave Albaneze's expense. BDO could not have been clearer in the SAC that it was not bringing the Breach of Contract claim against Dave Albaneze. BDO should be held accountable.

Regardless, even if BDO had not removed Dave Albaneze from the breach of contract claim, it cannot survive the Motion. The SAC still relies almost exclusively on allegations of solicitation or encouragement, which—even if true—cannot constitute breach. Paragraph 7(a) is triggered only if Dave Albaneze "perform[ed] … or through an entity with which he[] is or becomes associated, arrange[d] for such entity to perform" covered investment-advisory services for a covered Client. BDO has not alleged with any specificity that Dave Albaneze provided *any* such services.

The allegation that *Plaintiffs* formed Atlantic Edge does not establish a breach *by Dave Albaneze.* The lone client-visit allegation (¶19) is devoid of detail and, standing alone, does not plausibly show that Dave Albaneze "arranged" the performance of actual services by Atlantic Edge. BDO provides no facts in support of its conclusory statement that Dave Albaneze is "associated" with Atlantic Edge within the meaning of the Manager Agreements. BDO's sole allegation about his purported association is that Dave Albaneze "is associated with that business as illustrated by his involvement in Client 43 on behalf of Atlantic Edge." ¶344. *The only allegation of any "involvement" by Dave Albaneze with Client 43 is the bald assertion that he "assisted in the service of Client 43."* BDO does not allege what Dave Albaneze purportedly did.

BDO acknowledges that Dave Albaneze is retired, did not form Atlantic Edge, and is not employed by Atlantic Edge. ¶¶3, 93, 268. BDO does not allege *even an inference* that Dave

10

Albaneze is providing services to covered clients, although it makes that allegation against Plaintiffs. ¶268. To the extent BDO lumps Dave Albaneze with Plaintiffs, that is impermissible group pleading.

Finally, BDO must plead resulting damages. It does not. The SAC offers no allegation that a specific client, after receiving services from Dave Albaneze, refused to pay fees owed to BDO. Liquidated-damages clauses do not self-execute; without factual allegations triggering Paragraph 7(a), BDO's "notice" is a nullity.

As such, the breach of contract claim must be dismissed.

## VII. The SAC is Procedurally Improper

As discussed in the Motion, BDO committed two procedural mishaps – insufficient service of process and improper joinder – each of which are grounds for dismissal. *See* Motion at 24-28.

First, BDO failed to serve Mr. Albaneze within the 90-day period required by Rule 4(m). BDO's assertion that it understood that counsel for Plaintiffs represented Mr. Albaneze is baseless, is not supported by any evidence, and is not a valid excuse. There was no authorization for such representation or acceptance of service. BDO never asked Plaintiffs' counsel to accept service on behalf of Dave Albaneze, and Plaintiffs' counsel never entered an appearance on behalf of Dave Albaneze. Plaintiffs' pleadings, discovery responses, and correspondence to the Court clearly showed that Plaintiffs' counsel did not represent Dave Albaneze. Dkt.62 at 86 (signature block); *id.* ¶¶295-304 (responding to tortious interference claim against Dave Albaneze: "Plaintiffs are not required to reply to this Paragraph because Count IV is not directed against Plaintiffs").

BDO argues that Dave Albaneze concealed defects in service. Not true. BDO filed a frivolous "counterclaim" against non-party Dave Albaneze and then took no steps to effect service for over a year, during which time it became logical for Dave Albaneze to conclude that BDO did

11

not intend to pursue its spurious "counterclaims." There was nothing for Dave Albaneze to conceal.

Second, BDO's attempt to join Mr. Albaneze as a third-party defendant is procedurally improper. Rule 14 permits third-party practice only where the defendant may be liable for all or part of the claim against the original defendant. BDO's claims against Dave Albaneze are not derivative of the claims against Plaintiffs.

Even under Rule 20, permissive joinder is subject to the Court's discretion and must comport with fundamental fairness. Here, BDO waited over a year to seek a summons and did not attempt service until after mediation failed, causing significant delay and prejudice.

### VIII. Amendment Would Be Futile

BDO has already amended twice. BDO had the benefit of discovery before it filed its SAC. BDO's continued inability to plead sufficient facts confirms that amendment would be futile.

### CONCLUSION

The Court should dismiss BDO's claims against David Albaneze with prejudice.

DATED: September 19, 2025
Albany, New York    **HINCKLEY, ALLEN & SNYDER LLP**

By:  */s/ Christopher V. Fenlon*
Christopher V. Fenlon, Esq.
Janelle A. Pelli, Esq.
30 South Pearl Street, Suite 1101
Albany, New York 12207
P: (518) 396-3100
F: (518) 396-3101
E: cfenlon@hinckleyallen.com
E: jpelli@hinckleyallen.com
*Attorneys for Counterclaim-Defendant
David Albaneze*

12

**Certification**

Janelle A. Pelli, attorney for Third-Party Defendant David Albaneze, hereby certifies pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), that the word count for the foregoing memorandum of law is 3,434 words, calculated by the word processing system used to prepare the document. The memorandum of law therefore complies with word count limit Local Rule 7.1(c) which limits the body of reply memoranda of law to 3,500 words, exclusive of the caption, table of contents, table of authorities, and signature block.

Dated: September 19, 2025

                                              */s/ Janelle A. Pelli*
                                              Janelle A. Pelli, Esq.