UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFERY T. ALBANEZE, MATTHEW B. COCHRAN and KAITLYN P. WEATHERLY,

Plaintiffs,

v.

MARK D. BIEGEL and BDO USA, P.C.,

Defendants.

23-CV-07197 (JAV)

**ORDER**

JEANNETTE A. VARGAS, United States District Judge:

On October 15, 2025, Third-Party Plaintiff BDO USA, P.C. ("BDO"), filed a Notice of Voluntary Dismissal of its third-party claims against Third-Party Defendant Atlantic Edge Private Wealth Management ("Atlantic Edge") pursuant to Rule 41(a)(1)(a)(i). ECF No. 169. Atlantic Edge has opposed the dismissal and argues that the Court should impose conditions upon dismissal pursuant to Rule 41(a)(2), including a condition that dismissal will be without prejudice to Atlantic Edge's rights to pursue costs under Rule 41(d). ECF No. 172. Atlantic Edge does not explain why a Court order would be needed to reserve its rights under Rule 41(d).

The Court is without the authority to grant the requested relief. Rule 41(a)(1)(A)(i) permits a party to dismiss an action without a court order if a notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment. "Within the limitations set forth by the rule itself, the right to dismiss pursuant to Rule 41(a)(1) is absolute." *Medina v. New York State Dep't of Corr. Servs.*, No. 03 CIV.9249(RWS), 2004 WL 2397193, at *3 (S.D.N.Y. Oct. 26, 2004) (cleaned up). Rule 41(a)(2) comes into play only when dismissal is not permitted under Rule 41(a)(1). "Thus, where the conditions set forth in the Rule have been met, neither the Court nor a defendant may prevent Rule 41(a)(1)(i) dismissal." *Id.*; *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012) ("Plaintiffs invoking Rule

41(a)(1)(A)(i), specifically, have an unfettered right voluntarily and unilaterally to dismiss an action, but the rule itself, by requiring them to do so before the opposing party has served an answer or a motion for summary judgment, confines this right to an early stage of the proceedings and thus ensures against the sharp practice that could otherwise ensue." (cleaned up)). Rule 41(a)(1) permits dismissal of claims against one defendant while maintaining claims against other defendants. *See, e.g., Azkour v. Haouzi*, No. 11 CIV. 5780 RJS KNF, 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013).

Rule 41(a)(1)(A)(i)'s automatic dismissal provisions also apply to third-party complaints, provided that the provisions of Rule 41(c) are met. *See Hines v. Karl Storz Endoscopy-Am., Inc.*, No. 11 CV 3830 (CBA) (RER), 2013 WL 12358478, at *2 (E.D.N.Y. July 3, 2013). Rule 41(c) provides that a third-party claimant may dismiss an action pursuant to Rule 41(a)(1)(A)(i) "before a responsive pleading is served" or "if there is no responsive pleading, before evidence is introduced at a hearing or trial."

No answer or responsive pleading has been served in this matter. Instead, Atlantic Edge filed a motion to dismiss the Third-Party Complaint on May 30, 2025 (ECF No. 129), and then another motion to dismiss the Third-Party Claims on July 18, 2025 (ECF No. 145). *Symphony Mktg. Sols., Inc. v. Goetz*, No. 3:08-CV-01323 (CSH), 2008 WL 5000042, at *1 (D. Conn. Nov. 20, 2008) ("A motion to dismiss is not a responsive pleading . . . ."). Additionally, no summary judgment motion has been filed, nor has evidence been introduced at a hearing or trial with respect to the claims against Atlantic Edge. Thus, BDO's notice of voluntary dismissal suffices to dismiss its claims against Atlantic Edge without need for Court action.

The Clerk of Court is directed to terminate ECF Nos. 129 and 145.

Dated: October 17, 2025
      New York, New York

                                                JEANNETTE A. VARGAS
                                                United States District Judge