**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JEFFERY T. ALBANEZE, MATTHEW B. COCHRAN, AND KAITLYN P. WEATHERLY, Plaintiffs, and Counterclaim-Defendants -vs.- BDO USA, P.C., Defendant and Counterclaim-Plaintiff. | : | Civil Action No. 1:23-CV-07197-JAV-OTW |
| BDO USA, P.C., Third-Party Plaintiff -vs.- DAVE ALBANEZE, and ATLANTIC EDGE PRIVATE WEALTH MANAGEMENT, Third-Party Defendants. | : | |

**DEFENDANT BDO'S USA, P.C.'S RESPONSE TO DAVE ALBANEZE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Dave Albaneze ("Dave Albaneze") has filed two motions to dismiss in this matter. (ECF No. 131, 132, 143, 144.) Since September 19, 2025, Dave Albaneze's second motion to dismiss has been fully briefed and pending. (ECF No. 143, 144, 154, 160.) Nowhere in those pleadings did Dave Albaneze argue that there was insufficient service of process simply by virtue of an admittedly executed waiver of service form not being filed on the docket. Dave Albaneze has, therefore, forfeited the argument that is the centerpiece of his supplemental memorandum.

Even if the argument was not forfeited, however, there is no support for Dave Albaneze's

argument. Rule 4 does not explicitly provide that a waiver of service must be filed. And, the few cases that Dave Albaneze cites in his supplemental memorandum are inapt.

## I. FACTUAL CONTEXT

BDO USA P.C. ("BDO") brought its claims against the Jeffery Albaneze, Matthew Cochran, and Kaitlyn Weathley (the "Original Plaintiffs"), Atlantic Edge Private Wealth Management ("Atlantic Edge") and Dave Albaneze on November 17, 2023. (ECF No. 25.) As BDO explained in its January 31, 2025 letter to Judge Wang, BDO understood at the time that Dave Albaneze and Atlantic Edge were represented by the same counsel as Original Plaintiffs and service was effectuated. (ECF No. 25.) Indeed, as Judge Wang observed, Original Plaintiffs' "answer to the counterclaim clearly references both Atlantic [Edge] and Dave Albaneze and responds to allegations directed at them." (ECF No. 101 at 2.) Despite innumerable conferences between counsel on topics such as discovery and settlement where Atlantic Edge and Dave Albaneze were mentioned, this misapprehension was never corrected until Dave Albaneze did not attend the December 12, 2024 settlement conference. (See ECF 97 at ¶ 3.) After the settlement conference, BDO sought summons to serve both Atlantic Edge and Dave Albaneze. (See ECF No. 85, 86.) The Original Plaintiffs objected (ECF No. 87), and Judge Wang ordered a briefing schedule on "whether Defendant may seek summons against Dave Albaneze and Atlantic Edge." (ECF No. 93.) The Original Plaintiffs asserted that Federal Rule of Civil Procedure 4(m) barred service to and joinder of Atlantic Edge and Dave Albaneze. (ECF No. 95.) BDO responded, explaining (i) there is jurisdiction, (ii) there was joinder under Federal Rule of Civil Procedure 20(a)(2) and Rule 13(h), and (iii) this was not the case where Rule 4(m) should bar service of process. (ECF No. 97.)

Judge Wang ruled in favor of BDO, ordering an amended pleading "that joins Atlantic

[Edge] and Dave Albaneze properly as third-party defendants." In doing so, Judge Wang observed:

> Plaintiffs do not assert that Atlantic and Dave Albaneze do not have actual notice of the claims against them, nor could they plausibly do so. (See ECF 95). Plaintiffs' answer to the counterclaims clearly references both Atlantic and Dave Albaneze and responds to allegations directed to them. (ECF 62). Moreover, the parties have been in dispositive motion practice— including a motion to dismiss the counterclaims—and then settlement discussions, for much of the last two years; discovery has barely commenced. (See generally ECF Nos. 23, 34, 37, 43, 55, 87, 88). Thus, there would be no prejudice to joining Atlantic and Dave Albaneze at this point. (ECF No. 100 at 2.)

(ECF No. 100 at 2.) BDO, therefore, filed an Amended Counterclaim and received summons. (ECF No. 103-109.) Dave Albaneze then executed a waiver of service. Dave Albaneze does not dispute this. On April 8, 2025, counsel for Dave Albaneze filed a general appearance without reservation. (ECF No. 114.) During a status conference on Tuesday, May 13, 2025, Judge Wang set deadlines for responsive pleadings. (ECF No. 125.)

Dave Albaneze filed his first motion to dismiss on May 30, 2025. (ECF No. 131, 133.) In that motion to dismiss, Dave Albaneze contested service of process <u>but not on the grounds that service was not effectuated because, notwithstanding his execution of a waiver, that waiver was not filed on the docket</u>. Instead, Dave Albaneze asserted that he should not have been subject to the service that Judge Wang ordered and that he executed a waiver for in the first place. (ECF No. 133 at 23-25.)

After BDO amended its counterclaims, Dave Albaneze filed the present motion to dismiss. (ECF No. 143, 144.) Regurgitating his prior arguments, Dave Albaneze again only asserted that he should not have been subject to the service that Judge Wang ordered and that he executed a waiver for in the first place. (ECF No. 144 at 25-26.) <u>Dave Albaneze again did not contest service of process on the grounds that service was not effectuated because, notwithstanding his execution</u>

of a waiver, that waiver was not filed on the docket. BDO's response brief explained that Judge Wang was right to extend the time limit for service under Rule 4(m). (ECF No. 154 at 22-24.) Dave Albaneze's reply did not contest service of process on the grounds that service was not effectuated because, notwithstanding his execution of a waiver, that waiver was not filed on the docket. (ECF No. 160 at 11-12.)

Dave Albaneze's motion to dismiss has been fully briefed and pending since September 19, 2025. In the interim, Dave Albaneze participated in discovery through his own document production and issuing his own discovery requests. Indeed, Dave Albaneze never moved to stay discovery in any fashion until October 17, 2025. (ECF No. 176.)

On the eve of the October 8, 2025 status conference, Dave Albaneze argued for the first time that there was insufficient service of process on the grounds that service was not effectuated because, notwithstanding his execution of a waiver, that waiver was not filed on the docket. (ECF No.166.) At the status conference, Dave Albaneze requested the opportunity to file the supplemental brief, which Judge Wang permitted.

## II. ARGUMENT

### A. Dave Albaneze Has Waived The Arguments Raised In The Supplemental Memorandum

Unambiguously, Dave Albaneze never argued in his original motion to dismiss, second motion to dismiss, or reply brief in support of that second motion to dismiss that service was not effectuated because, notwithstanding his execution of a waiver, that waiver was not filed on the docket. Rule 4(d) is not mentioned at all in his prior briefing.

By failing to raise this argument in his opening briefs (and his reply brief), Dave Albaneze has forfeited the argument. *See, e.g.*, *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. De C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (explaining that arguments not made in an opening brief

are forfeited, even if later raised); *Floyd's of Leadville, Inc. v. Alexander Capital, LP*, No. 1:22-cv-03318-MKV, 2023 WL 6198666, at *5 n. 3 (S.D.N.Y., 2023) ("By failing to address personal jurisdiction under Section 302(a)(2) in his opening brief, Clapham has waived any argument that he is not subject to jurisdiction under this prong of the New York long-arm statute.") (citing *Cruz v. Zucker*, 116 F. Supp. 3d 334, 349 (S.D.N.Y. 2015) ("Defendant raised several other arguments for the first time in his reply papers. Because these arguments were not raised in his opening brief, they were waived, and the Court does not address them")).

This is not, for example, an instance where an intervening decision of an appellate court or factual development required additional briefing. *Cf. In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 531-32 (S.D.N.Y. 2011) (permitting a late-raised argument because that argument could not have been raised at the initial filing). Dave Albaneze could have raised this argument in his opening briefs or even on reply. He did not do so. He should not be permitted to raise these arguments now. *See, e.g.*, *Datskow v. Teledyne, Inc.*, *Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (finding the defendant could not complain "about the defective form of service" where "Defendant attended the conference with the magistrate and participated in scheduling discovery and motion practice" but "[n]othing was said about defective service of process.").

**B. Rule 4 Does Not Require Filing Of An Executed Waiver**

Even if Dave Albaneze had timely presented the arguments raised now, Rule 4 does not explicitly require that an executed waiver must be filed.

Here is what Rule 4(d) says about waiver of service:

> (d) WAIVING SERVICE.
>
> (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e) , (f) , or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify

> such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed:
>
> (i) to the individual defendant; or
>
> (ii) for a defendant subject to service under Rule 4(h) , to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;
>
> (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and
>
> (G) be sent by first-class mail or other reliable means.
>
> (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.
>
> (3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.
>
> (4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.
>
> (5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

Fed. R. Civ. P. 4(d). Nowhere does Rule 4(d) say that a waiver form must be filed for service to validly waived. It just says in Rule 4(d)(4) that a filing of a waiver obviates the need for proof of service. If the drafters of the Federal Rules meant for a waiver to be ineffective unless filed, they would have said so explicitly in these otherwise detailed rules for waiver.

The cases and commentary that Dave Albaneze cherry picks quotations from to support his argument similarly do not provide that an admittedly executed waiver form must be filed. Let us

review:

- *Thomas v. Brasher-Cunningham*, No. 3:19-cv-1981 (VAB), 2020 WL 4284564 (D. Conn. July 27, 2020). *Thomas* does not address waiver of service.
- *Kogan v. Facebook, Inc.*, 334 F.R.D. 393 (S.D.N.Y. Feb. 3, 2020). In *Kogan*, the defendants' counsel only informally communicated with the plaintiff's counsel that they were willing to waive service. *Id*. at 399-400 ("While defendants stated that they were willing to waive service under Rule 4(d), defendants' email made clear no waiver had occurred, in that defendants there expressly asked Kogan to confirm that he was amenable to this form of service. Kogan never did so. And, despite defendants' later reminder of their offer to waive—which communicated clearly that there had not yet been a waiver—Kogan never followed up, confirmed, sent waiver papers, or even responded to defendants."). *Kogan* did not have an executed waiver of service, as there is here.
- *Bernard v. Husky Truck Stop*, 45 F.3d 439 (10th Cir. 1995). Like *Kogan*, this case did not involve an executed waiver of service. *Id*. at *1 ("Defendant was never served with a summons, as required by federal law, nor did it execute and return a waiver of service. Therefore, the district court was correct in dismissing the action for lack of personal jurisdiction.").
- *Selective Ins. Co. of S.C. v. Target Corp*., No. 13 C 5910, 2013 WL 12205696 (N.D. Ill. Dec. 13, 2013). As with the other cases, *Selective Insurance Company* does not address whether a waiver was executed under Rule 4(d).
- *Knotts v. Arroyo*, No. Civ. A. No. 96-1052, 1996 WL 732839 (E.D. La. Dec. 16, 1996). *Knotts* does not consider whether Rule 4 requires the filing of an executed waiver for that waiver to be effective. There, the court ordered that either a waiver of service or proof of

service be filed by a date certain. *Id*. at *1. After that time period expired, the plaintiff was only able to file a brief detailing that it twice mailed a notice and request for waiver to the defendant. *Id*. Thus, the magistrate judge issued a report and recommendation that the case be dismissed without prejudice. *Id*. Only after this report and recommendation was issued did the plaintiff submit an executed waiver form. *Id*. The court adopted the report and recommendation, and the plaintiff sought relief under Federal Rule of Civil Procedure Rule 60. *Id*. at *2-3. The court's order denying the Rule 60 motion says nothing about the requirements of Rule 4.

- Time Limit for Service, 4B Fed. Prac. & Proc. Civ. § 1337 (4th ed.). The portion of this commentary cited by Dave Albaneze refers to zero case law to support its statement.
- Request for Waiver of Formal Service of Summons, 4A Fed. Prac. & Proc. § 1092.1 (4th ed.). The portion of the commentary cited by Dave Albaneze refers to two cases. Neither support the statement. *Jordan v. Ohio State Univ.*, No. 2:08-cv-1122, 2010 WL 2760940 (S.D. Ohio July 13, 2010), involved only a request for a waiver that was not executed. In a similar vein, *Woodruff v. Mueller*, No. C 02-3307 VRW, 2004 WL 724886, at *4 (N.D. Cal. Mar. 24, 2004), involved just a request for waiver, determining that "merely mailing a request for waiver of service does not suffice to effect service; instead, the defendant to whom the waiver of service is addressed must sign and return the waiver." Both of these cases say nothing about whether Rule 4(d) requires an executed waiver of service for that waiver to be effective.

At bottom, the applicable Federal Rule of Civil Procedure does not explicitly provide that an admittedly executed waiver of service must be filed for that waiver to be effective. BDO is not aware of any court doing what Dave Albaneze asks, dismissing a case without prejudice under

Rule 4 because an executed waiver was not filed.

## III. CONCLUSION

For the foregoing reasons, the arguments that Dave Albaneze makes in his supplemental memorandum should be disregarded and rejected. To the extent, however, that this Court determines an executed waiver of service must be filed, BDO is ready to file such waiver.

Dated: October 24, 2025

Respectfully Submitted,

By: */s/ Barrick Bollman*

Mark Meredith
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, New York 10017-3852
+1 212 547 5400

Michael Sheehan (*pro hac vice*)
Brian Mead (*pro hac vice*)
Barrick Bollman (*pro hac vice*)
McDermott Will & Schulte LLP
444 West Lake Street
Chicago, Illinois 60606-0029
+1 312 372 2000

*Attorneys for Defendant BDO USA, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed via CM/ECF and electronic notice was sent to all attorneys of record in this action.

Dated: October 24, 2025

*/s/ Barrick Bollman*
Barrick Bollman